```
                    IN THE UNITED STATES DISTRICT COURT

                          FOR THE DISTRICT OF OREGON


WESTERLUND LOG HANDLERS, LLC,              3:14-CV-00176-BR
a Washington limited
liability company;                         OPINION AND ORDER
DAVID WESTERLUND, an
individual; and ROGER NANCE,
an individual,

          Plaintiffs,

v.

CHINA NATIONAL BUILDING
MATERIALS IMPORT AND EXPORT
CORPORATION, a foreign
corporation; CNBM FOREST
PRODUCTS CANADA, LTD, a
foreign entity; and ALAN K.
BRUNSTAD, an individual,

          Defendants.


GORDON T. CAREY, JR.
1020 S.W. Taylor
Suite 375
Portland, OR 97205
(503) 222-1415

          Attorney for Plaintiffs

THOMAS C. SAND
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204
(503) 205-2475
```

1 - OPINION AND ORDER

**BRIAN W. ESLER**
Miller Nash, LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
(206) 622-8484

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Plaintiffs' Motion (#4) to Remand.  For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion and **REMANDS** this matter to Clatsop County Circuit Court.

## BACKGROUND

    On January 31, 2014, Plaintiffs filed a complaint in Clatsop County Circuit Court against Defendants alleging claims for breach of contract, reformation, rescission, declaratory relief, tortious interference, libel, and misappropriation.  Plaintiffs allege in their complaint that Plaintiff Westerlund Log Handlers, LLC (WLH), is a Washington limited-liability company whose sole members are Plaintiffs David Westerlund and Roger Nance; Defendant China National Building Materials Import and Export Corporation is a foreign corporation organized under the laws of the People's Republic of China; Defendant CNBM Forest Products Canada, Ltd, is a foreign corporation organized under the laws of Canada; and Defendant Alan Brunstad is an individual residing in

2 - OPINION AND ORDER

Washington.  Plaintiffs' complaint does not contain any allegations as to the domicile of Plaintiffs David Westerlund or Roger Nance.

On January 31, 2014, Defendants removed the matter to this Court on the ground of diversity jurisdiction.

On February 2, 2014, Plaintiffs filed a Motion to Remand in which they seek an order remanding this matter to Clatsop County Circuit Court on the ground that there is not complete diversity.

The Court took Plaintiffs' Motion under advisement on March 26, 2014.

## STANDARDS

28 U.S.C. § 1446(a) provides in pertinent part: "[D]efendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."

A motion to remand is the proper procedure for challenging removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  "The removal statutes are to be strictly construed." *Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 921 (9th Cir. 2013) (citation omitted).  "A corollary precept is that we apply a presumption against removal and construe any uncertainty as to removability in favor of remand."  *Id*. (citation omitted).

3 - OPINION AND ORDER

"[I]n a case that has been removed from state court to federal court . . . on the basis of diversity jurisdiction, the proponent of federal jurisdiction . . . has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010)(citation omitted). "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id*. at 1107 (quoting *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992)).

For removal based on diversity jurisdiction to be valid, there must be "complete diversity of citizenship between the parties opposed in interest."  28 U.S.C. § 1332(a).  *See also Kuntz v. Lamar Corp*., 385 F.3d 1177, 1181 (9th Cir. 2004).  A "core principle of federal removal jurisdiction on the basis of diversity [is] that it is determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131-31 (9th Cir. 2002)(citations omitted).

## DISCUSSION

28 U.S.C. § 1332(a)(1) provides:  "The district courts shall have original jurisdiction of all civil actions where the matter

4 - OPINION AND ORDER

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The Ninth Circuit has made clear that residency alone is insufficient to establish citizenship for purposes of § 1332(a)(1). In *Kanter v. Warner-Lambert Company* the Ninth Circuit explained:

> [T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. To be a citizen of a state, a natural person must first be a citizen of the United States. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed.2d 893 (1989). The natural person's state citizenship is then determined by [his] state of domicile, not [his] state of residence. A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

265 F.3d 853, 857 (9th Cir. 2001).

In their Notice of Removal Defendants allege Westerlund and Nance are "residents of Oregon," and, therefore, they are completely diverse from Defendants China National Building Materials and CNBM Forest Products, Chinese and Canadian corporations respectively, and from Defendant Alan Brunstad who is a "Washington resident."[1]

---

[1] Although the allegation of Brunstad's residency is insufficient to establish domicile, the parties do not appear to dispute that Brunstad was domiciled in Washington at the time that Plaintiffs filed their complaint.

5 - OPINION AND ORDER

Plaintiffs move to remand this matter on the ground that even though they resided in Oregon at the time they filed their complaint, they were domiciled in Washington at that time and they remain domiciled in Washington.  According to Plaintiffs, therefore, they are citizens of the same state as Brunstad, and, accordingly, this Court lacks diversity jurisdiction.

The Ninth Circuit pointed to a number of factors that are relevant to the determination of domicile:

> [C]urrent residence, voting registration and
> voting practices, location of personal and real
> property, location of brokerage and bank accounts,
> location of spouse and family, membership in
> unions and other organizations, place of
> employment or business, driver's license and
> automobile registration, and payment of taxes.

*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  *See also Kyung Park v. Holder,* 572 F.3d 619, 624-25 (9th Cir. 2009)(same).  "[N]o single factor" is controlling.  *Lew*, 797 F.2d at 750.

I.   **Defendant Westerlund**

Westerlund testifies in his February 2, 2014, Declaration that WLH entered into a business relationship with China National Building Materials in 2012 and "commenced loading logs in Astoria, Oregon."  Decl. of David Westerlund at ¶ 3.  Westerlund notes:

> Initially, I commuted from my home in Silverdale,
> Washington, and stayed in various temporary
> lodging in the Astoria area, including motels.
> Approximately one and one-half years ago, I rented
> a house in Warrenton[, Oregon] so I would have a
> base in the local area and not have to move from

6 - OPINION AND ORDER

>     time to time.  I have not changed my domicile.  My
>     home in Silverdale, Washington, which I purchased
>     in 2005, is not rented, and I still spend time
>     there with my wife.  I have owned a home in the
>     state of Washington for 35 years.

Westerlund Decl. at ¶ 3.  Westerlund testifies he is a citizen of Washington and does not have any intention of being domiciled in Oregon.

In their Response to Plaintiffs' Motion to Remand, Defendants note Westerlund's "mailing address" is listed as Warrenton, Oregon, on various forms that WLH filed with the Washington Secretary of State's Office.  Defendants point out that Westerlund's property-tax statements for his Washington property are sent to his rental address in Warrenton, Oregon.  Defendants also rely on the fact that Westerlund listed his property in Washington for sale in 2011.  Finally, Defendants rely on the Declaration of Alan Brunstad, a former employee of WLH, in which he testifies Westerlund has rented homes in Astoria and Warrenton, Oregon, and "seemed to live there permanently." Decl. of Alan Brunstad at ¶ 8.  Brunstad testifies "as far as [he] could tell, [Westerlund] resided in Oregon full-time, and only occasionally visited the property in Washington."  *Id*.  Brunstad notes Westerlund's adult daughter lives in Oregon, but he also notes Westerlund has another adult child who lives in California.

Westerlund testifies in his Declaration in support of

7 - OPINION AND ORDER

Plaintiffs' Reply that although he listed his home in Washington for sale in March 2011 (nearly three years before Plaintiffs filed their complaint), he removed the listing in September 2011. Westerlund testifies he placed his house on the market because

> the County would not permit me to build a shop on the property because of a nearby creek. I took the Seabeck home off the market until I could find another parcel upon which I could build a home and a shop. I recently entered into an earnest money agreement to purchase real property in Pacific County[, Washington,] upon which I intend to build a new home and a shop, as well as keep my Seabeck home.

Westerlund Decl. at ¶ 2. Westerlund attaches to his Declaration a copy of the Earnest Money Agreement dated October 9, 2013, for property he is purchasing in Naselle, Washington. Thus, even if placing his house on the market nearly three years before Plaintiffs commenced this action could indicate an intent to no longer be domiciled in Washington, Westerlund has pointed to evidence sufficient to establish that he did not sell his property in Washington or have any intent to become domiciled in Oregon at the time that Plaintiffs filed their complaint.

Westerlund also testifies in his Declaration that he continues to do business in Washington, consults for a business in Washington that he previously owned, conducts 90% of his leisure activities in Washington, and returns to Washington on a weekly basis. In addition, Westerlund testifies his doctors and dentist are in Washington, he pays Washington property taxes, he

8 - OPINION AND ORDER

has a Washington driver's license, his personal vehicles are registered in Washington, he is registered to vote in Washington, his passport was issued in Washington, and his personal bank account is in Washington at the Bank of the Pacific.  Attached to his Declaration are copies of Westerlund's Washington driver's license, Washington vehicle registrations, Washington voter registration card, passport issued in Washington, and a bank statement from Bank of the Pacific located in Washington.  Thus, all but one of the factors relevant to a determination of domicile set out in *Lew* support a conclusion that Westerlund was domiciled in Washington at the time that Plaintiffs filed their complaint.  On the other hand, the evidence relied on by Defendants merely establishes that Westerlund's mailing address was in Oregon and that he resided in Oregon for business purposes.  As noted, residence and a mailing address do not establish domicile or citizenship in a particular state under § 1332(a).

On this record the Court concludes Westerlund has established he was domiciled in Washington at the time that Plaintiffs filed their complaint.  Thus, Westerlund was a citizen of Washington at that time, and, therefore, there was not complete diversity of Plaintiffs and Defendants.

**II.  Defendant Nance**

Nance testifies in his February 2, 2014, Declaration that he

9 - OPINION AND ORDER

is a citizen of Washington, he has never been domiciled in Oregon, and he does not intend to be domiciled anywhere but Washington.  When WLH began loading logs in Astoria, Oregon, Nance states:

> Initially, I commuted from my home in Bremerton, Washington, and stayed in various temporary lodging in the Astoria area, including motels.  Approximately 14 months ago, I rented a house in Gearhart so I would not have to change local residence from time to time.  I have not changed my domicile. I have not rented out my home in Bremerton, Washington, and still spend time there.

Decl. of Roger Nance at ¶ 3.

In their Response, however, Defendants point to the following:  (1) Nance listed an address in Astoria, Oregon, in the signature block of the Pre-Payment Agreement between China National and WLF; (2) Nance listed his "last known residence" as Astoria, Oregon, in his April 3, 2013, Petition for Dissolution of Marriage; (3) Nance has the property-tax statements for his Washington home sent to his address in Oregon; and (4) Nance placed his Washington home up for sale in August 2013.  Defendants also rely on Brunstad's testimony that he "shared a residence" with Nance in Oregon for two years, and it "appeared to [Brunstad] that [Nance] intended to reside there permanently." Brunstad Decl. at ¶ 4.  Brunstad also testified Nance's girlfriend and her son moved into a condominium with Nance in Oregon in the Summer of 2013.  *Id.* at ¶ 3.

Nance, in turn, testifies in his Declaration in support of

10 - OPINION AND ORDER

Plaintiffs' Reply that he placed his Washington home up for sale for two months in 2013 (three months before Plaintiffs filed their complaint):

> My wife and I owned two adjacent houses in Bremerton.  We lived in one of the houses as our home.  When we separated [in February 2012] and divorced, I retained the home in which we jointly co-habitated and she kept the adjacent house next door.  After our separation, I spent less time in Bremerton but I continued to return and spend 50% of my time there because I have friends and family there, and could continue working from my home.  My wife and I eventually worked out a property settlement whereby she retained and resides in the adjacent house.
>
> I put my home up for sale for less than three (3) months because I was not sure how I would feel with living next door to my ex-wife and her boyfriend in what I expected would be the home in which we would retire.  I decided not to sell my home in Bremerton because Bremerton is my permanent domicile.

Nance Decl. at ¶¶ 3-4.  Nance testifies he pays Washington property taxes, has a Washington driver's license, is registered to vote in Washington, and has a brokerage account with Morgan Stanley in Washington.  Attached to his Declaration are copies of Nance's Washington driver's license, Washington voter-registration card, and brokerage-account statement.  Nance also testifies he was not represented by counsel in his divorce, and he did not intend to indicate that he was domiciled in Oregon when he noted in his Petition for Dissolution of Marriage that his residence was in Oregon.

    As with Defendant Westerlund, most of the factors relevant

11 - OPINION AND ORDER

to a determination of domicile as set out in *Lew* also support a conclusion that Nance was domiciled in Washington at the time that Plaintiffs filed their complaint.  The evidence relied on by Defendants establishes, at most, that Nance's mailing address was in Oregon and that he resided in Oregon for business purposes.  As noted, residence and a mailing address do not establish domicile or citizenship in a particular state under § 1332(a).

On this record the Court concludes Nance has established he was domiciled in Washington at the time that Plaintiffs filed their complaint.  Thus, Nance was a citizen of Washington at the time that Plaintiffs filed their Complaint and, therefore, there was not complete diversity of Plaintiffs and Defendants.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' Motion (#4) to Remand and **REMANDS** this matter to Clatsop County Circuit Court.

IT IS SO ORDERED.

DATED this 4th day of April, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER